IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF INDIANA

Terre Haute Division


William A White

Federal Correctional Institution ("FCI")-

Cumberland

PO Box 1000

Cumberland, MD 21501

Plaintiff

v.                                                    Case No: 1:22-cv-02405-TWP-TAB

Robert Kenneth Decker #51719-074           Judge Tanya WaltonPratt

United States Penitentiary ("USP")-Marion   Magistrate Judge Tim A Baker

Marion, IL 62959



United States Of America

10 W. Market St Suite 2100

Indianapolis IN 46204



Federal Bureau Of Prisons ("BOP")

320 1ST St, NW

Washington, DC 20054


AMENDED

COMPLAINT

-1-

Statement On Administrative Remedies

1) Administrative remedy has been exhausted for each and every claim and cause of action presented herein, including by tort claim # TRT-NCR-2022-04222 and remedies #113124, #113226, #1121229, #1125866, #1127716 and #1128667. The BOP staff involved in these events have refused to transfer my legal papers from FCI-Terre Haute to FCI-Cumberland. This includes many of the remedies and my notes regarding my repeated contacts with staff about these claims.

Parties, Venue, Jurisdiction.

2) I am a federal prisoner serving a total of 389 months imprisonment in the custody of the BOP. The BOP has bifurcated my sentence and sometimes refers to it as 349 months imprisonment.

3) Robert Kenneth Decker is a federal prisoner serving a term of imprisonment at the United States Penitentiary ("USP")-Marion in Marion, Illinois.        This Court has jurisdiction over the Indiana common law tort claims against Decker pursuant to 28 USC §1367.

4) Defendant United States of America is the federal government of the United States. This court has jurisdiction over the Federal Tort Claims Act ("FTCA") claims against the United States pursuant to 28 USC §1346, §2401(b) and §2674. This court has jurisdiction over the Rehabilitation Act claims pursuant to 29 USC §794a.

5) Defendant Federal Bureau of Prisons ("BOP") is an agency of the Department of Justice. 18 USC §4041. This court has jurisdiction over the Administrative Procedures Act ("APA") claims against it pursuant to 5 USC §702. This court has jurisdiction over the Rehabilitation Act claims pursuant to 29 USC §794a.

-2-

6) All of the claims pled herein are based on acts which occurred at the Federal Correctional Institution ("FCI") – Terre Haute Communications Management Unit ("CMU") between January 21 and July 21, 2022. As this is within the Terre Haute Division of the Southern District of Indiana, venue is proper here pursuant to 28 USC § 1391 and § 1402(b).

Facts

Background

7) The FCI – Terre Haute CMU was built about 2005 through the complete reconstruction and remodeling of the former Special Confinement Unit ("SCU") or death row.

8) On February 28, 2005, a man named Bart Ross murdered Michael Lefkow and Donna Humphrey, the husband and mother of United States District Judge Joan Lefkow. On March 10, 2005, Ross committed suicide near the home of a Seventh Circuit Court of Appeals judge. In March 2006, Craig Cobb, a follower of the World Church of the Creator, led by Matthew Hale, contacted me and asked me to publish a claim of responsibility for the murders. To support his claim, Cobb provided me with a recording of him recruiting Ross as well as other documents. While I tried to turn this over to the FBI at the time, the FBI refused to meet with me and ultimately falsely indicted me for supposedly being a follower of Hale's, eventually falsely convicting me.

9) I was arrested October 17, 2008, and subsequently developed severe and disabling psychiatric problems as the result of being held in traumatic conditions of confinement by the BOP and the Seminole County, Florida, Sheriff's Department. In November 2021, the BOP diagnosed my psychiatric disability as Post-Traumatic

Stress Disorder ("PTSD"). My PTSD was known to Decker through his research in the LEXIS-NEXIS law library, as was its cause, no later than 2018.

10) Since May 2016, the Federal Bureau of Investigation ("FBI") and the United States Attorney's Office ("USAO") for the Northern District of Illinois ("ND Ill") have been sending informants to me asking me to meet with them, including to offer me a reprieve in exchange for cooperation and to solicit my testimony against Cobb, Hale and others.

11) Robert Decker is a convicted sex offender and drug dealer (United States v. Decker 832 Fed Appx 639 (11th Cir 2020)) who has publically discussed his cooperation with federal prosecutors (Decker v. United States 2021 US Dist LEXIS 222128 (SDFl 2021))

12) In July 2018, the BOP transferred Decker to the United States Penitentiary ("USP") Marion CMU. Decker immediately attempted to befriend me and asked me to assist him with legal work, including Decker v. Lukens SD Ind Case No 18-cv-0185. In July 2018, Decker stated that I should drop my litigation against the United States and "hit a lick" with him by setting up other inmates to commit crimes, including Monzer al-Kassar. I refused. In September 2018, Decker told me he was working for the USAO and that they would release me and give me a job "only targeting blacks and Hispanics" if I would testify against Matthew Hale. I also refused and informed BOP staff that I refused.

13) From September 2018 to the present date, the BOP and FBI have used informants, both prison inmates and persons outside of prison, to threaten and intimidate me

while demanding that I change my testimony about the Lefkow murders. They have also repeatedly sent informants to try to involve me in crimes, including Dustin Adams, who in summer of 2021 asked me to prepare false claims for him, and a man named Rob who in November 2022 asked me to "draw him a roadmap" to fraudulently obtain title to a woman's house.

14) From October 2018 to January 2019, Decker tricked me into helping him prepare a materially false sworn declaration in Decker v. Lukens. In January 2019, Decker admitted that the declaration was false. I subsequently wrote to USAO for the Southern District of Indiana ("SD Ind") Assistant US Attorney ("AUSA") Julian Wierenga to inform him that I prepared the declaration, I believed it to be true when I prepared it, I now believed it to be false, and, I no longer wished to be involved with Decker. My letter specifically stated that I was not offering to testify or cooperate against Decker.

15) In February 2019, two weeks after the BOP became aware of my letter to Wierenga, Decker was taken to the ND Ill and then to the FCI-Terre Haute CMU.

16) On October 29, 2019, the USAO-SD Ind deposed Decker. see eg. Decker v. Lukens 2021 US Dist LEXIS 64837 (SD Ind 2021). Decker subsequently told inmates at FCI-Terre Haute CMU, such as Fabjan Alameti, that I had messed him up with the USAO and that he would assault me for "running my mouth" about him if he saw me. Alameti reported these comments before July 2020 to the BOP and FBI.

17) On July 1, 2020, the BOP transferred Matthew Hale to USP-Marion CMU to cause a confrontation between us, though that did not occur.

Instant Claims

18) On October 13, 2021, I was involved in a fight with USP-Marion CMU inmate Annamalai Annamalai and was charged with fighting in incident report # 3556931. I was subsequently designated for transfer to FCI-Terre Haute CMU.

19) On January 20, 2022, Decker told FCI-Terre Haute CMU Intelligence Research Specialist ("IRS") Jamie Wheeler that he would assault me if I were transferred to FCI-Terre Haute CMU.

20) On January 21, 2022, I was transferred to FCI-Terre Haute CMU and placed in SHU until February 8, 2022. FCI-Terre Haute CMU SHU cells are 6'×8'. The walls are crumbling and water-damaged in many cells, including mine. Large cockroaches regularly drop out of fixtures or crawl out of holes in the wall. Summer temperatures are as high as 110°F with 100% humidity. In several cells, including cells I was housed in, sewage routinely floods the cell from damaged waste pipes in the pipe chase.

21) Shortly after I arrived, FCI-Terre Haute Chief Psychologist Christensen told me she would not provide therapy for my PTSD because she was too busy, repeating this in her Psychology Data System notes.

22) Between January 21, 2022 and February 8, 2022, I received no written notice why I was in SHU, no hearing which I could attend, and, BOP staff followed none of the procedures mandated by federal regulations.

23) On February 8, 2022, I was released from the FCI-Terre Haute CMU SHU to the FCI-Terre Haute CMU population.

24) Between February 8 and 18, 2022, Decker hatched a plot to have me assaulted by BOP staff, placed in SHU and transferred. Particularly, Decker decided he would wait for staff to lock the facility down, and, while they were in the housing unit locking doors, he would throw a punch at me and run away. Staff would then see my reaction, assault me and place me in the Special Housing Unit ("SHU"), ultimately transferring me. When Decker hatched this plot, he specifically intended to cause me physical injury and serious emotional distress.

25) On February 18, 2022, at about 9 PM, Decker entered my cell and stated that I needed to "get his name out of my mouth" because I'd "messed him up with the US Attorney."

26) When I stood up, Decker backed out of my cell. There was no fighting in the cell. After Decker left my cell, everything was captured on video camera.

27) When Decker saw Correctional Officer ("CO") B. Callaway approaching (in the company of Mohammed Alessa, who saw all that followed), Decker struck me with closed fist and then ran approximately 30' down a hall. I began to calmly walk towards Decker, not seeing Callaway.

28) Seeing Callaway behind me, Decker ran at me, collided with me, then ran away. About this time Callaway pulled out his OC spray, fumbled it, and, sprayed himself in the face with it.

29) I was standing calmly and Decker had run away out of sight when Callaway walked up and sprayed me directly in the face with OC spray without reason or provocation.

-7-

30) At no time during the incident did I strike or attempt to strike Decker.

31) I surrendered and was handcuffed by Calloway, who took me downstairs and transferred me to the custody of CO Joshua Emerson. Emerson didn't and could not have seen the incident.

32) I informed CO Emerson that I was suffering physical injury, including blindness, inflammation, burning and pain from the OC spray and that I needed medical attention. Emerson responded by stating, "That's not how it works. You're making me work. I hate working, so, I'm going to make you suffer." Emerson then refused me medical attention for 30 minutes.

33) The effects of the OC spray continued to some degree for approximately 3 days.

34) At about 10 PM February 18, 2022, I was placed in the FCI-Terre Haute CMU SHU.

35) From February 18 to July 21, 2022, FCI-Terre Haute CMU staff refused to deliver to me the Wall Street Journal, Barron's, American Free Press, Barnes Review, Criminal Legal News and Prison Legal News, all of which are periodicals to which I have a prepaid subscription, in accordance with a BOP-wide de facto policy of refusing to deliver periodicals to inmates. On March 16, 2023, I became aware that, between July 21, 2022, and March 16, 2023, FCI-Terre Haute staff destroyed or converted to public use another forty six .of my books and a new Sangean radio. A list of all

items destroyed or converted by FCI-Terre Haute staff between February 18, 2022 and March 16, 2023, for which I am claiming damages is attached as Schedule A. While at FCI-Terre Haute, I witnessed staff convert books in inmate property to public use by placing them in the FCI-Terre Haute CMU library and was aware of inmate property being given to inmate workers as payment.

36) At approximately 10:30 PM February 18, 2022, Calloway came to me in the SHU and apologized to me for wrongfully spraying me with OC spray.

37) At approximately 11 PM February 18, 2022, Calloway and Emerson falsified reports claiming that I was striking Decker with closed fists when Calloway sprayed me. Calloway also wrote me a false incident report # 3597543, charging me with fighting.

38) After assaulting me, Decker lied to federal law enforcement about why he assaulted me with the intent of evading accountability and causing me serious emotional distress.

9) About February 25, 2022, I handed to FCI-Terre Haute CMU Case Manager Rebecca Eisele and/or other FCI-Terre Haute CMU staff a written request for Alessa as a witness.

10) About March 7, 2022, BOP staff returned Decker to FCI-Terre Haute CMU's population.

11) On March 11, 2022, FCI-Terre Haute Disciplinary Hearing Officer ("DHO") Jason

Bradley heard incident #3556931, found me involved in fighting with Amanalai, and imposed various penalties, including a $100 monetary fine.

42) On March 11, 2021, Bradley heard incident #3597843. During the hearing, Bradley told me he would credit Calloway's and Emerson's unsworn statements over the video evidence. Bradley then claimed that Calloway "must have" seen me strike Decker in the cell, which was impossible. Later, Bradley falsified his DHO report to state that the video showed me strike Decker. Bradley also refused my request to call Alessa as a witness. Ultimately, Bradley sanctioned me with 90 days loss of email, 54 days loss of good conduct time ("GCT") and a $300 monetary fine.

43) To prevent me from meaningfully appealing, Bradley refused to prepare the DHO reports for incidents #3556931 and #3597843 until early May; they were delivered to me May 13, 2022. FCI-Terre Haute CMU staff then delayed mailing the DHO appeals until July 1, 2022, and placed the appeals in the mail in an unsealed envelope, causing one to fall out and be returned to me, all to delay and prevent my appeal.

44) Though I received no notice of the "monetary fines", FCI-Terre Haute CMU Unit Manager Todd Royer, on about March 14, 2022, falsified a document claiming that I had "refused" to pay the fines, the effect of which was to deny me access to the commissary.

45) While in SHU February 18 to July 21, 2022, I received no written notice of why I was in SHU, no hearing, and, FCI-Terre Haute staff followed none of the

-10-

procedures mandated by federal regulations.

46) On March 25, 2022, other inmates forced Decker to "check in" to the SHU.

47) I repeatedly asked FCI-Terre Haute CMU staff why I was in SHU. Warden T. Rule, Eisele and SIS Lieutenant Miller all gave me contradictory or false reasons. However, it appears that Miller and Royer falsified reports stating that I had "enemies" in the FCI-Terre Haute CMU to force my transfer.

48) Between March 25, 2022, and July 21, 2022, Decker repeatedly shouted threats at me and demanded that I change statements I'd made about him, including my January 2019 statement to Wierenga and testimony I'd given in my post-conviction proceedings

49) By December 5, 2022, the BOP had taken final agency action denying all remedies related to this complaint.

50) As a result of the conduct of para 18-49, supra, & my PTSD and psychiatric disabilities worsened and I suffered emotional distress that is severe, lasting and grave.

COUNT I: NEGLIGENCE AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

51) The allegations of para 1-50, supra, are hereby incorporated by reference.

52) As a federal prisoner, the United States owed me a duty of care.

53) The United States was negligent in:

-11-

a) placing me in a population unit with Decker;

b) spraying me in the face with OC spray;

c) withholding medical care for my OC spray related injuries;

d) holding me in the described SHU conditions January 21 to February 8, 2022, and February 18 to July 21, 2022*, without the required process;

e) falsifying records to cover up the assault on me, to justify holding me in SHU, to justify transferring me, and, to deny me access to commissary;

f) denying me psychological care for my PTSD during my SHU confinement.

54) As a result of the United States' conduct of para 53, supra, I suffered blindness, inflammation, burning, pain, PTSD, other major psychiatric disorders and emotional distress which is severe, lasting and grave.

55) I pray for nominal and compensatory damages not to exceed $250,000.00 (two hundred fifty thousand dollars and no cents) and any other relief that the Court sees fit to grant.

COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56) The allegations of para 1-50, supra, are hereby incorporated by reference.

57) The United States recklessly or with specific intent:

a) placed me in a population unit with Decker;

b) sprayed me in the face with OC spray;

c) withheld medical care for my OC spray related injuries;

d) held me in the described SHU conditions January 21 to February 8, 2022, and February 18 to July 21, 2022, without the required process;

e) falsified records to cover up the assault on me, to justify holding me in SHU, to justify transferring me, and to deny me access to the commissary;

f) denied me psychological care for my PTSD during my SHU confinement.

58) As a result of the United States' conduct of para 57, supra, I suffered blindness, inflammation, burning, pain, PTSD, other major psychiatric disorders and emotional distress which is severe, lasting and grave.

59) I pray for nominal and compensatory damages not to exceed $250,000.00 (two hundred fifty thousand dollars and no cents) and any other relief that the Court sees fit to grant.

COUNT III: ASSAULT AND BATTERY

60) The allegations of para 1-50, supra, are hereby incorporated by reference.

61) The United States assaulted and battered me when it sprayed me with OC spray.

62) As a result of the United States' conduct of para 61, supra, I suffered blindness, inflammation, burning, pain, PTSD, other major psychiatric disorders and emotional distress which is severe, lasting and grave.

63) I pray for nominal and compensatory damages not to exceed $250,000.00 (two hundred fifty thousand dollars and no cents) and any other relief that the Court sees fit to grant.

COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64) The allegations of para 1-50, supra, are hereby incorporated by reference.

65) Robert Decker intentionally inflicted emotional distress upon me when he assaulted me and caused the United States to assault me and place me in SHU, then threatened me and demanded I change my testimony.

66) As a result of Decker's actions of para 65, supra, I suffered blindness, inflammation, burning pain, PTSD, other major psychiatric disorders, and emotional distress which is serious, lasting and grave.

67) I pray for nominal, compensatory and punitive damages in an amount to be determined by the Court.

COUNT V: ASSAULT AND BATTERY

68) The allegations of para 1-50, supra, are hereby incorporated by reference.

69) Robert Decker assaulted and battered me by striking me with closed fist and caused the United States to spray me with OC spray.

70) As a result of Decker's actions of para 69, supra, I suffered blindness, inflammation, burning pain, PTSD, other major psychiatric disorders, and emotional distress which is serious, lasting and grave.

71) I pray for nominal, compensatory and punitive damages in an amount to be determined by the Court.

-14-

COUNT VII: TRESPASS TO CHATTELS AND/OR WRONGFUL CONVERSION

72) The allegations of para. 1-50, supra, are hereby incorporated by reference.

73) The United States trespassed to and/or wrongfully converted my property listed in Schedule A as described para 35, supra.

74) I pray for nominal and compensatory damages in the amount of $1952.28 (nineteen hundred fifty two dollars and twenty eight cents).

COUNT VIII: VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

75) The allegations of para 1-50, supra, are hereby incorporated by reference.

76) The "monetary fine" provisions of 28 CFR §541.3 were promulgated without statutory authority and in violation of US Const Amends V and VII.

77) The BOP was without statutory authority and acting in violation of US Const Amends V and VII when it imposed a $100.00 monetary fine in incident # 3556931 and a $300.00 monetary fine in incident # 3597843.

78) I pray that this court declare that the "monetary fine" provisions of 28 CFR § 541.3 were promulgated without statutory authority and in violation of US Const Amends V and VII, enjoin the enforcement ~~process~~ of 28 CFR §541.3's "monetary fines" provisions, order the BOP to disgorge all fines collected under 28 CFR §541.3's "monetary fine" provisions since 1985, and, order the return of my $400.00, along with any other relief the court may see fit to grant.

-15-

COUNT VIII: VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

79) The allegations of para 1-50, supra, are hereby incorporated by reference.

80) The BOP's de facto policy of denying SHU inmates access to newspapers and magazines is arbitrary and capricious, contrary to published federal regulations, and violates US Const Amend I.

81) I pray for a declaration that the BOP's de facto policy of denying SHU inmates access to newspapers and magazines is arbitrary and capricious, contrary to published federal regulations and violative of US Const Amend I, and an order enjoining the BOP to deliver newspapers and magazines to SHU inmates, as well as any other relief this Court may see fit to grant.

COUNT IX: VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT AND US CONST AMEND V

82) The allegations of para 1-50, supra, are hereby incorporated by reference.

83) The BOP acted in an arbitrary and capricious manner and violated US Const Amend V when it found me involved in incident #3597843 and:

a) considered the unsworn statements of B. Calloway and Joshua Emerson;

b) credited Calloway's and Emerson's testimony over video evidence showing those statements to be false;

c) made false statements regarding the video evidence in support of its findings;

d) refused to permit me to call Mohammed Alessa as a witness;

e) convicted me on a theory other than what was charged; and,

f) denied me meaningful appellate process.

84) I pray that the Court enjoin the BOP to vacate the DHO's findings for incident # 3597843, expunge the report, restore my 54 days GCT, return my $300.00 and grant me any other relief this Court sees fit.

COUNT X: VIOLATION OF THE REHABILITATION ACT

85) The allegations of para 1-50, supra, are hereby incorporated by reference.

86) The United States and the BOP violated the Rehabilitation Act, 29 USC 8794, et al, when it housed me in the above described FCI-Terre Haute CMU SHU conditions, denied me architectural accomodations, and refused to accomodate my PTSD by housing me in a compliant SHU cell.

87) I pray for nominal, compensatory and punitive damages in an amount that the Court see fit to grant, an order enjoining the BOP and the United States from continuing to house disabled inmates in the FCI-Terre Haute CMU SHU, an order enjoining the BOP and the United States to bring the FCI-Terre Haute CMU SHU into compliance with the Rehabilitation Act's architectural standards, and, any other relief that the Court sees fit to grant.

COUNT XI: VIOLATION OF THE TUCKER ACT

88) The allegations of para 1-50, supra, are hereby incorporated by reference.

89) The United States and the BOP violated the Tucker Act, 28 USC 81346(a)(2) when it took my property for public use without compensation in violation of US Const Amend V as described para 35, supra.

-17-

90) I pray for nominal damages, compensatory damages in the amount of $1952.28 (nineteen hundred fifty two dollars and twenty eight cents) and punitive damages in an amount to be determined by the Court.

Respectfully Submitted,

William A White #13888-084

FCI- Cumberland

PO Box 1000

Cumberland, MD 21501

## CERTIFICATE OF MAILING

I hereby certify that this Complaint was mailed to the Clerk of the Court, 1ST Class Postage Prepaid, this 16th day of October, 2023.

William A White

SCHEDULE A: Property Wrongfully Disposed Of By The United States

| Books | Value | Books | Value |
|---|---|---|---|
| ① The Theosophical Enlightenment | $16.39 | ⑱ The Mythology Of Virgil's Aeneid According To Servius | 19.97 |
| ② Fascism Viewed From The Right | 16.45 | | |
| ③ Notes On The Third Reich | 13.79 | ⑲ The Crisis Of The Modern World | 10.29 |
| ④ A Traditionalist Confronts Fascism | 24.57 | ⑳ Lives Of The Eminent Philosophers | 26.94 |
| ⑤ On The Genealogy Of Morals | 4.04 | ㉑ Dionysiaca Vol I. | 23.90 |
| ⑥ Against The Modern World | 40.19 | ㉒ Dionysiaca Vol II | 17.99 |
| ⑦ The Myth Of The Ruling Class | 7.86 | ㉓ Dionysiaca Vol III | 22.85 |
| ⑧ Maistre: Considerations On France | 23.49 | ㉔ The Lost Books Of The Bible | 28.90 |
| ⑨ Giordano Bruno And The Hermetic Tradition | 24.43 | ㉕ Cassell's Concise Latin-English Dictionary | 13.52 |
| ⑩ The Birth Of Tragedy | 6.42 | ㉖ Josephus Complete Works | 12.46 |
| ⑪ New Lies For Old | 24.10 | ㉗ Soncino Chumash | 14.95 |
| ⑫ The Rosicrucian Enlightenment | 19.50 | ㉘ Egyptian Hieroglyphic Dictionary Vol I | 11.98 |
| ⑬ Occult Philosophy In The Elizabethan Age | 25.73 | ㉙ Egyptian Hieroglyphic Dictionary Vol II | 9.40 |
| ⑭ The Search For The Manchurian Candidate | 14.79 | ㉚ Charlemagne And Louis The Pious | 59.99 |
| ⑮ Permanent Record | 10.60 | ㉛ History Of The Lombards | 21.55 |
| ⑯ Justin's Epitome Of The Philippic Histories | 23.98 | ㉜ New Cambridge Medieval History Vol II | 37.57 |
| ⑰ The Eleusinian And Bacchic Mysteries | 12.91 | ㉝ The Prince | 12.44 |
| | | ㉞ The Essential Writings Of Machiavelli | 24.20 |

SCHEDULE A (cont)

| BOOKS | Value | PERIODICALS | Value |
|---|---|---|---|
| 35) The Corpus Hermeticum | 31.86 | 48) 131 issues Wall Street Journal | 655.00 |
| 36) The Future Of The Intelligentsia & | 19.68 | 49) 21 issues Barron's | 105.00 |
| For A French Awakening | | 50) 10 issues American Free Press | 50.00 |
| 37) The Manipulator | 8.65 | 51) 3 issues Barnes Review | 36.00 |
| 38) Threat Assessment And Management | 93.34 | 52) 6 issues Criminal Legal News | 24.00 |
| Strategies | | 53) 6 issues Prison Legal News | 24.00 |
| 39) The Psychopathic Mind | 23.45 | Subtotal | 844.00 |
| 40) The Young Hitler I Knew | 24.99 | | |
| 41) Lucifer's Court | 12.08 | Total | $1952.28 |
| 42) The Esotericism Of Dante | 13.74 | | |
| 43) Spiritual Authority And Temporal | 18.04 | | |
| Power | | | |
| 44) Lord Of The World | 28.97 | | |
| 45) Berossos And Manetho, Introduced | 44.40 | | |
| And Translated | | | |
| 46) The Lucian Civilization | 35.94 | | |
| Subtotal | $993.28 | | |
| 47) Sangean Radio | 65.00 | | |
| Subtotal | $1058.28 | | |

-21-