UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM A. WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:22-cv-02405-TWP-TAB |
| | ) |
| ROBERT KENNETH DECKER, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO ROBERT KENNETH DECKER'S MOTION FOR COURT ORDER [DKT. 92]**

Robert Kenneth Decker ("Co-defendant") seeks a Court Order "ordering the B.O.P. to allow Mr. Decker to retain any pleadings by Mr. William A. White[.]" Because Co-defendant is given unredacted access to the filings in this case, and granting this request only serves to threaten the safety, security, and orderly running of the institution, the United States of America and the Federal Bureau of Prisons (collectively Defendants") respectfully request that this motion be denied. In support of their opposition to the motion, Defendants offer the following.

1. On October 23, 2023, William A. White, Plaintiff, filed a motion for leave to file an amended complaint, [Dkt. 65 – *Motion for Leave to Amend Pursuant to Fed. R. Civ. P. 15(a)(2)*]. On February 5, 2024, the Court granted Plaintiff's Motion to Amend, [Dkt. 75 – *Order Granting Motion for Leave to Amend, Screening Amended Complaint, and Resolving Other pending Motions*, at 2, § I]. The Court's February 5, 2024, Order also screened Plaintiff's Amended Complaint. *Id.* at § II.

2. Plaintiff, is an inmate with the BOP, currently housed at FCI Cumberland in Cumberland, Maryland. Plaintiff's incarceration includes a mail restriction that necessitates having all of his incoming and outgoing mail screened by Cumberland's Special Investigative

Office ("SIS") before it is delivered to or sent from Plaintiff.

3.      Co-Defendant is also an inmate with the Federal Bureau of Prisons ("BOP") and is currently housed in the Communications Management Unit ("CMU") at FCI Marion in Marion, Illinois. Co-Defendant's mail is screened through the Counterterrorism Unit before it is delivered to or sent from him. Co-Defendant has over a dozen pending cases that he has filed in various federal courts. Due to the heightened screening and the plethora of cases that Co-Defendant is presently litigating, his mail is reasonably delayed in delivery.

4.      In his Amended Complaint, Plaintiff makes allegations about Co-Defendant's conviction offenses, [Dkt. 76 – *Amended Complaint*, at 4, ¶¶ 11], and involvement with the government [*Id.* at 4, ¶ 12]. The disclosure of such information within the prison environment would create a serious possibility of harm for Co-Defendant should the information ever be viewed by other inmates.

5.      The kind of information detailed in Plaintiff's Complaint [Dkt. 76, at 4, ¶¶ 11-12], once disseminated to the general inmate population, whether true or false, has a tendency to follow an inmate throughout their entire incarceration. The dissemination of such information creates a perpetual safety concern and risk of harm to the named individual—in this case Co-Defendant.

6.      The safety concerns posed by the possible dissemination of the information in Plaintiff's Complaint, [Dkt. 76 at 4, ¶¶ 11-12], limits the institutions and types of units in which Co-Defendant could safely be housed during his incarceration.

7.      The safety concerns posed by the possible dissemination of the information in Plaintiff's Amended Complaint, [Dkt. 76 at 4, ¶¶ 11-12], also puts other inmates in danger due to the recurring possibility of inmate hostilities towards Co-Defendant, and threatens the safety,

security and orderly running of every institution in which Co-Defendant is housed.

8. In June 2023, Plaintiff and Co-Defendant received approval from their respective institutions to send and receive direct mailings between each order for purposes of litigating this case. Because Plaintiff and Co-Defendant's terms of incarceration include mail restrictions, their communications with each other are subject to the same restrictions as all other correspondence that they send and receive.

9. In order to expedite the process through which Co-Defendant received the documents related to this case, he was offered unredacted documents for a short period of time, while in a secure room by himself. He had the opportunity to read these records, and then give them back to BOP staff to retain until he needed another reading session. These records will be kept in the possession of CMU staff until this case is closed. But, due to the safety concerns explained herein, Co-Defendant is not permitted to keep any of these records in his personal possession.

10. Co-Defendant was provided with unredacted pleadings, including the Amended Complaint, but refused to accept them and, instead, on June 14, 2024, he instructed that they be returned to Plaintiff. [Exhibits 1, 2].

11. Although the BOP has not allowed Co-Defendant to retain the Amended Complaint and subsequent documents that are part of this litigation, Co-Defendant was permitted to view the unredacted Amended Complaint, even after he had first rejected it.

12. Co-Defendant was separated from all other inmates, while reviewing the Amended Complaint and subsequent documents, to take all appropriate steps to ensure his safety, while still providing him access to the information necessary for him to litigate this case.

13. Defendants also believe that Co-Defendant was already aware of all of Plaintiff's

allegations, due to their prior involvement with one another during a period of time in which they were housed in the same unit. Therefore, Defendants do not believe that the allegations in the complaint were dangerous for Co-Defendant to review. Instead, these allegations are only dangerous for him to carry back to his cell in writing and retain.

14. The BOP has and continues to take all reasonable steps to ensure Co-Defendant's safety as well as ensure the safety, security, and orderly running of every institution, while allowing Co-Defendant to receive the information necessary to litigate this case.

15. A court order that requires the BOP to provide Co-Defendant with written copies of the information disclosed in Plaintiff's complaint, would jeopardize the safety, security, and orderly running of every institution in which Co-defendant is housed. Additionally, such an order is unnecessary because Co-Defendant is given unredacted access to the allegations in the Amended Complaint and privacy in reading these allegations, along with multiple opportunities to review the documents, if needed.

WHEREFORE, Defendants, the United States of America and the Federal Bureau of Prisons, respectfully request that this Court deny Co-Defendant's Motion for Court Order, [Dkt. 92], and that Defendants be granted such other relief as this Court deems just and proper.

                         Respectfully submitted,

                         ZACHARY A. MYERS
                         United States Attorney

By:    */s/ Traci M. Cosby*
        Traci Marie Cosby
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, IN 46204-3048
        Traci.Cosby@usdoj.gov
        Telephone: (317) 226-6333
        Fax: (317) 226-5027

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, a copy of the foregoing *Defendants' Response in Opposition to Robert Kenneth Decker's Motion for Court Order [Dkt. 92]*, was filed electronically. Service of this filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system:

None.

I further certify that on July 8, 2024, a copy of the foregoing *Defendants' Response in Opposition to Robert Kenneth Decker's Motion for Court Order [Dkt. 92]* was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

WILLIAM A. WHITE
13888-084
CUMBERLAND – FCI
CUMBERLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CUMBERLAND, MD 21501

ROBERT KENNETH DECKER
51719-074
MARION – FCI
MARION FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959

    */s/ Traci M. Cosby*
    Traci Marie Cosby
    Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204