**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WILLIAM A WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-02405-TWP-TAB |
| | ) |
| ROBERT KENNETH DECKER, | ) |
| UNITED STATES OF AMERICA, | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on several motions filed by Plaintiff William White ("White") and Defendant Robert Decker ("Decker"). White, an inmate in the custody of the federal Bureau of Prisons ("BOP"), is currently housed at the Federal Correctional Institution in Cumberland, Maryland. He is pursuing claims against Defendant Decker, as well as the United States of America, and Federal Bureau of Prisons (together, "the federal Defendants") related to the time when he was housed at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). This matter is scheduled for a bench trial on June 29, 2026 on White's claim of battery against Decker and a claim of negligence against the Federal Defendants. (Dkt. 261). In this Order, the Court resolves the pending motions at dockets 253, 279, 287, 288, 294, 295, 297, 299 and 302.

## I.    DECKER'S MOTION FOR COUNSEL (DKT. 253)

Previously, the Court denied summary judgment as to White's battery claim against Decker and granted Decker's motion for counsel, (Dkt. 253). In that order, the Court stated that it "will attempt to recruit pro bono counsel to represent [Decker] through final judgment." (Dkt. 261 at

1

37).  Decker later filed a renewed motion to appoint counsel on the Court's required form. (Dkt. 285). The Court has attempted to recruit counsel for Decker but has been unable to find a suitable volunteer attorney for this matter.

The Court recognizes that litigating a case *pro se* is difficult, and that Decker faces constraints of litigating this matter on his own due to his incarceration. However, these challenges are faced by most *pro se* incarcerated litigants, and the Court lacks the resources to appoint counsel in every case filed by an incarcerated person. *Austin v. Hansen*, 2025 WL 1602441, at *2 (7th Cir. June 6, 2025) (explaining that the inability to recruit counsel is part of the practical approach endorsed by *Pruitt*); *see also Mejia v. Pfister*, 988 F.3d 415, 419 (7th Cir. 2021) (explaining that lack of legal experience conducting a trial is true for the vast majority of *pro se* litigants). Decker has filed many motions and responses to motions in this action, demonstrating his ability to advocate on his own behalf. Given the simple elements of the sole battery claim against Decker and considering Decker's extensive experience in litigating on his own cases both in this district and in federal court broadly, the Court finds that he is competent to represent himself *pro se* at trial. That is, Decker should be able to examine and cross-examine White and any other witness about the fight between them without the assistance of counsel. *See Decker v. Sireveld*, 109 F.4th 975, 984−85 (7th Cir. 2024) (concluding district court did not abuse its discretion by not recruiting counsel despite Decker having nine pending cases and being housed in a Special Housing Unit).

Accordingly, the Court reconsiders Decker's Motions for Counsel, Dkts. [253], [285] and these motions are **denied**. White's motion to revoke Decker's IFP Status, Dkt. [294] is **denied as moot**.

## II.    WHITE'S MOTIONS FOR TEN UNSIGNED SUBPOENAS (DKTS. 279, 295)

White has filed two motions asking the Court to issue him 10 blank trial subpoenas. (Dkts. 279, 295). White requests to subpoena eleven separate witnesses, and he explains that he has sufficient funds to serve the subpoenas using a process server who has served subpoenas for him in the past. *Id*. White lists the witnesses he intends to subpoena as follows: 1) himself, 2) Decker, 3) Kathy Hill, 4) Jamie Wheeler, 5) Michel Miller, 6) Jodi Wampler, 7) Michael Collis, 8) Fred Roshto, 9) Todd Royer, 10) Fabjan Alameti, and 11) Daniel Aaron Stone. (Dkt. 295). These individuals are also named in White's final witness list. (Dkt. 284).

The Federal Defendants point out that subpoenas are not necessary for several of the listed witnesses. Because White and Decker are federal prisoners who will both testify at trial, the Federal Defendants concede that they will be transported (Pursuant to a writ issued by the Court) and no subpoenas are necessary. Witnesses Jamie Wheeler, Todd Royer, and Fred Roshto are federal employees, who shall be allowed to testify at the trial. Jamie Wheeler is a current BOP employee and the Federal Defendants have no objection to her testimony at trial, and therefore they contend no subpoena is necessary to ensure his appearance. (Dkt. 293 at 4). White did not respond to this argument in his renewed motion to subpoenas, (Dkt. 295), which the Court interprets as a non-objection. The Court agrees that a subpoena is not warranted for this BOP employee. Jamie Wheeler shall be available to testify at the upcoming trial.

Federal Defendants note within their response that Todd Royer and Fred Roshto will be out of state during the trial but available to testify via video deposition prior to the trial at the Federal Defendant's expense. *Id.* The Court agrees that it is unnecessary to subpoena these witnesses to testify in person at the trial, and that their testimony will be properly preserved via these means.

3

The Court orders the Federal Defendants to schedule video depositions for these two witnesses with White, prior to the commencement of the trial at the Federal Defendants' expense.

White's six remaining witnesses he requests subpoenas for are Kathy Hill, Michel Miller, Jodi Wampler, Michael Collis, Fabjan Alameti, and Daniel Aaron Stone. The Federal Defendants argue that although White identified inmate Daniel Stone on his preliminary witness list, he did not provide a means to identify or locate this inmate other than stating that he "will testify that it was the regular practice of FCI Terre Haute staff to steal, destroy, or convert to public use property of transferred inmates." (Dkt. 185 at 3). The Court takes judicial notice of the BOP's inmate locator, which indicates that there have been seven federal prisoners with the name Daniel Stone. The Federal Defendants' argument that White did not provide sufficient information to identify Daniel Stone is well taken. *See* Federal Bureau of Prisons, "Find an inmate," bop.gov/inmateloc/ (last visited April 17, 2026). However, White has identified the relevant inmate as Daniel Aaron Stone, who is currently incarcerated at Atwater USP, located in Atwater, California. Dkt. 297. Because Daniel Stone currently resides in California, he is outside the 100-mile limitation of this Court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1). Thus, White's motion for a subpoena for Daniel Stone must be **denied**.

This does not necessarily mean that White cannot call Daniel Stone as a witness at his trial. The Court could issue a writ of habeas corpus to have Daniel Stone testify via video, which is what White requests in his motion at docket 297. *See Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018) (citing Rule 43(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2241(c)(5) and finding it is appropriate for a non-party incarcerated witness to testify via video). The Federal Defendants did not object to Daniel Stone testifying for any reason except that they were unable to identify him. Thus, White's motion to produce witness Daniel Stone, Dkt. [297], is **granted** to

the extent that the Court will issue a writ of habeas corpus ad testificandum so that Daniel Stone can testify via video at trial.

The Federal Defendants argue that the remaining five of these witnesses were not included on White's preliminary witness list filed on April 3, 2025, (Dkt. 185), and that the subpoena of these individuals for the purposes of trial would unfairly prejudice them. (Dkt. 293 at 5). Federal Rule of Civil Procedure 26(e)(1)(A) provides:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Here, White failed to notify the defendants that he intended to call these witnesses at trial until he included these individuals on his final witness list. Although the first of these four individuals are BOP employees who had some knowledge of the incidents at issue, as the Seventh Circuit has previously held "[i]t's one thing to know that a person's name is out there [but] it's another thing to know that the other side is intending to call him as a witness. That's why we have Rule 26(a) disclosures." *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 765 (7th Cir. 2020). This is true here.  White shall not be permitted to subpoena these previously undisclosed witnesses.

Accordingly, White's motions, Dkts. [279], [295], are **denied**. Daniel Stone is outside the 100-mile limitation of Federal Rule of Civil Procedure 45(c). The Court will, however, issue a writ of habeas corpus so he may testify via video. All other witnesses White intends to subpoena for trial either do not require subpoena service or were undisclosed.

### III.    DECKER'S MOTION FOR SANCTIONS AGAINST WHITE (DKT. 287)

Decker has filed a motion for sanctions against White due to his failure to effectuate service, (Dkt. 287). In that motion, Decker claims that he did not receive a copy of White's

5

summary judgment motion at (Dkt. 201) until February 27, 2026. He alleges that White purposefully failed to put his address on the service section to prevent him from receiving a copy. (Dkt. 287). Decker requests that the motion be denied and White to be fined $1,000.00. *Id.* at 2. In response, White filed a motion to strike Decker's motion, alleging that at the February 12, 2026, settlement conference with the magistrate, Decker was already aware of the battery claim that survived summary judgment, and that Decker is a generally untruthful person. (Dkt. 299).

White's motion for summary judgment against Decker was filed on April 20, 2025. Between that time and the date when Decker alleges that he received a copy of this summary judgment filing, Decker filed three notices of change of address, (Dkts. 208, 235), a motion for counsel, (Dkt. 253), a motion to extend deadlines, (Dkt. 234), and telephonically attended a settlement conference with White and the magistrate, (Dkt. 2710. The Court notes that in the nine-month period between White's filing and the Court's order on the pending summary judgment motions, Decker had ample time to review the docket sheet and request an extension to respond to White's motion and failed to do so.

Further, even if Decker's allegation that he was not served a copy of the summary judgment motion was true, his response would not have prevented the Court from granting summary judgment as to White's battery claim. Decker testified during his deposition that he entered White's cell, threatened "that we can do it out here or we can do it in your cell. It doesn't matter," and that he struck White during the "fight" or "altercation." (Dkt. 203-2 at 35–45). Accordingly, the Court found that there was no dispute of material fact as to whether the battery occurred, and the matter was to proceed to trial only on the issue of damages. (Dkt. 261 at 35-36). Thus, he was not prejudiced by the plaintiff's failure to mail him a service copy of his motion. Decker's motion for

sanctions, Dkt. [287], is **denied**, and White's motion to strike docket 287, Dkt. [299], is **denied as moot**.

### IV.    WHITE'S MOTION TO ORDER FEDERAL DEFENDANTS TO STOP FALSE LABELING (DKT. 288)

On March 16, 2026, White filed a "motion to order defendants United States of America and Federal Bureau of Prisons ("BOP") to stop falsely labeling me as a 'Gang Dropout' while in transit." (Dkt. 288). In the motion, White argues that he was previously told that his transit paperwork in another matter labeled him as a 'gang dropout,' and this caused him to be assaulted by another inmate at a federal facility in Oklahoma. *Id.* at 2. He asks for this Court to order the BOP not to label him as a 'gang dropout' in any further transfer paperwork.

Given the substance of the relief sought, the motion is better understood as a motion for preliminary injunction. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

This Court lacks authority to grant the relief requested, and the motion must be denied. Here, White brings claims related to an assault by Decker while incarcerated at Terre Haute FCI, but the requests in his motion relate to his classification within BOP as a whole and BOP internal inmate transfer policies. This is outside of the scope of his claims in this matter, and the Court has no authority to grant said relief. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims

and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

Further, the Federal Defendants correctly assert that when a matter concerns security classifications in federal prisons, "the judicial function is not to 'second-guess' the decisions of the prison administration [which] require expertise and comprehensive planning which counsels' deference by the federal courts to these discretionary decisions by the appropriate prison authorities." *Garza v. Miller*, 688 F.2d 480, 487 (7th Cir. 1982), *cert. denied*, 459 U.S. 1150 (1983). White's motion, Dkt. [288], is **denied.**

## V.    DECKER'S MOTION FOR CASE STATUS (DKT. 302)

Decker asks the Court for a status update on all the motions that he has filed and the objections that he's made in this case. This request is **granted** and the clerk is directed to send a copy of the docket sheet in this action, which should provide the information requested.

## VI.    CONCLUSION

The Court reconsiders Decker's motion for counsel, Dkt. [253], and the motion is **DENIED**. The Court was unsuccessful in finding a volunteer to represent him, and, regardless, finds that Decker is competent to represent himself at the bench trial. White's motion to revoke Decker's IFP Status, Dkt. [294] is **DENIED AS MOOT**.

White's motion to order the Federal Defendants to stop falsely labeling, Dkt. [288], is **DENIED.**

Decker's motion for sanctions, Dkt. [287], is **DENIED**, and White's motion to strike docket 287, Dkt. [299], is **DENIED AS MOOT**.

White's motion for subpoenas, Dkt. [279], and motion to order service of subpoena by U.S. Marshals, Dkt. [295], are **DENIED.** Daniel Stone is outside this Court's subpoena authority, and

all other witnesses White intends to subpoena for trial either do not require subpoena service or were undisclosed. White's motion to produce witness, Dkt. [297], is **GRANTED** to the extent that the Court will issue a writ of habeas corpus ad testificandum so that Daniel Stone can testify via video at trial.

Decker's motion for case status, Dkt. [302], is **GRANTED to the extent** that the **clerk is directed** send him a copy of the docket sheet and this order provides an update as to the status of his motion at docket 287, as well as the status of all motions in this case.

**IT IS SO ORDERED.**

Date: 4/20/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM A WHITE
13888-084
CUMBERLAND - FCI
CUMBERLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CUMBERLAND, MD 21501

ROBERT KENNETH DECKER
51719-074
CUMBERLAND - FCI
CUMBERLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
CUMBERLAND, MD 21501

All Electronically Registered Counsel