UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM A. WHITE,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )          Cause No. 1:22-cv-02405-TWP-TAB
                                           )
ROBERT KENNETH DECKER, et al.,             )
                                           )
            Defendants.                    )

## DEFENDANT UNITED STATES' OBJECTIONS TO PLAINTIFF'S WITNESSES

On May 11, 2026, Plaintiff William A. White filed his Amended Final Witness List. [Dkt. 328.] Pursuant to the Court's Final Pre-Trial Conference Order [Dkt. 286 at 1], Defendant, the United States of America, submits its objections to White's witnesses and respectfully requests that the Court exclude Fabjan Alameti, Kathy Hill, Michael Miller, Jodi Wampler, Michael Collis, Daniel Aaron Stone, and Todd Royer from testifying at the trial of this matter for the reasons set forth below. As to the expected testimony of Jamie Wheeler and Fred Roshto—both of whom the United States also intends to call at trial—the United States objects to some of the topics that White has identified and seeks an order excluding White from questioning them on those topics.

## RELEVANT BACKGROUND

1.      On August 26, 2024, the Court issued its Order Setting Pretrial Schedule and Discussing Discovery in Prisoner Litigation. [Dkt. 104.] This Order required Initial Disclosures by October 25, 2024. [Id. at 1, § I.A.] The Order expressly commanded: "The parties are under a continuing obligation to supplement or correct the ordered disclosures as well as any discovery responses." [Id. at 2, § I.A (citing Fed. R. Civ. P. 26(e)).]

2.      On April 3, 2025, White filed his Preliminary Witness List in this case. [Dkt. 185.] White's Preliminary Witness List identifies 12 potential witnesses for trial. [Id. at 2-3.]

3.      On February 17, 2026, the Court scheduled the Final Pre-Trial Conference for May 27, 2026, and a bench trial for June 22, 2026. [Dkt. 277.] On the United States' motion, the bench trial was reset to June 29, 2026. [Dkt. 280.]  Shortly thereafter, the Court issued a Final Pre-Trial Conference Order. [Dkt. 286.] That Order provides, in relevant part, that "[e]ach party must file a final witness list by February 20, 2026, listing only the witnesses the party anticipates actually calling to testify at trial. Absent consent of the opposing party, no witness that has not been previously listed may be included." [*Id.* at 1 (emphasis omitted).]

4.      Also on February 17, 2026, White filed his Motion for Ten Blank Unsigned Trial Subpoenas. [Dkt. 279.] The United States opposed the motion on several grounds, including that several of the witnesses—Fabjan Alameti, Kathy Hill, Michael Miller, Jodi Wampler, and Michael Collis—that White wanted to subpoena were not named as potential witnesses in his Preliminary Witness List. [*See* Dkt. 293 at 5.]

5.      On April 20, 2026, the Court ruled on White's motion for ten blank subpoenas, concluding (among other holdings) that White could not subpoena these five, previously undisclosed witnesses. [Dkt. 304 at 5.] White filed a Motion to Reconsider [Dkt. 316], which the Court denied, reaffirming its decision on this point [*see* Dkt. 324 at 2-3].

6.      On May 11, 2026, Plaintiff filed his Amended Final Witness List. [Dkt. 328.] Plaintiff's Amended Final Witness List identifies 13 potential witnesses, including Fabjan Alameti, Kathy Hill, Michael Miller, Jodi Wampler, and Michael Collis. [*Id.*]

## **ARGUMENT**

Under the Federal Rules of Evidence, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even if evidence is relevant, the Court may still exclude it "if its probative value is substantially outweighed by one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The majority of White's witnesses should be excluded because they will either present irrelevant testimony or testimony whose probative value is outweighed by one or more of the risks set forth in Rule 403.

## I.   Witnesses the Court has Already Determined Should Be Entirely Excluded for Failure to Disclose.

As the Court has previously determined [*see* Dkts. 304 at 5; 324 at 2-3], Fabjan Alameti, Kathy Hill, Michael Miller, Jodi Wampler, and Michael Collis were not included on White's Preliminary Witness List [Dkt. 185]. Accordingly, because the United States objects to their testimony, White is not permitted to call them at trial. [Dkt. 286 at 1 ("Absent consent of the opposing party, no witness that has not been previously listed may be included.").] Should the Court nonetheless readdress this issue, the United States has further objections to White's attempted use of these witnesses at trial, which are set forth below.

## A.   Fabjan Alameti.

First, White never disclosed the telephone number for Fabjan Alameti in any of his numerous disclosures in this case as required by Federal Rules of Civil Procedure Rule 26(a)(1)(A)(i) ("[A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses").] By failing to do so, the United States was prevented from conducting any meaningful discovery into his potential testimony. Therefore, allowing him to testify would be unduly prejudicial to the United States. *See* Wollenburg v. Comtech Mfg. Co., 201 F.3d 973, 978 (7th Cir. 2000) ("When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction."). Nor is there any indication that Mr. Alameti—

who is no longer in BOP custody as of October 3, 2023[1]—is even within the jurisdiction of the Court. *See* Fed. R. Civ. P. 45(c)(1).

Moreover, White represents that Mr. Alameti will testify as to Decker's purported threats to White, who was aware of them, and his statement to White about these threats as well as related matters. [Dkt. 328 at 1.] White's witness list includes White, Decker, and Jamie Wheeler, [Dkt. 284 at 1-2, ¶¶ 1, 2, 6], all of whom he alleges will testify regarding these purported threats. Moreover, if permitted to testify, Daniel Aaron Stone is also expected to present similar testimony. Accordingly, any probative value of Mr. Alameti's testimony on this point would be cumulative, justifying its exclusion under Federal Rule of Evidence 403. *See* Fed. R. Evid. 403.

**B.    Kathy Hill.**

Besides not being listed in White's Preliminary Witness List, the United States also objects to Kathy Hill as a witness because her testimony would be irrelevant and should be further excluded under a Rule 403 analysis. White states that Ms. Hill is expected to testify regarding "Decker's interactions with White about June 2018 to February 2019, the decision to transfer Decker from USP – Marion CMU to FCI – Terre Haute in about March 2019, and the decision to transfer White to FCI – Terre Haute in January 2022, as well as related matters." [Dkt. 328 at 2.] The first of these categories—Decker's and White's interactions from June 2018 to February 2019—is irrelevant to their altercation three years later, in February 2022.  Moreover, any probative value of this testimony would be outweighed by the dangers of wasting time, undue delay, and confusion of the issues. *See* Fed. R. Evid. 403.

Similarly, the second topic—the decision to transfer Decker to FCI Terre Haute in March 2019—again about three years before the altercation at issue—is also irrelevant to the remaining

---

[1] *See* BOP Inmate Locator, publicly available at https://www.bop.gov/inmateloc/ (last visited May 18, 2026).

issues at trial. Permitting this testimony would also create risks of wasting time, confusion of the issues, and misleading of the factfinder. *See* Fed. R. Evid. 403.

Finally, Ms. Hill's anticipated testimony on the last topic would be cumulative of other witnesses, including Fred Roshto, who is on both White's and the United States' witness list. Thus, the testimony should also be excluded under Rule 403 on this ground.

### C.    Michael Miller.

White represents that Michael Miller will testify "regarding Decker's activities at FCI – Terre Haute as well as the decision to transfer White from FCI – Terre Haute in July 2022, and any related matter." But both these topics are irrelevant to the remaining claim against the United States. [*See* Dkt. 261 at 25 (granting summary judgment in the United States' favor except for one claim— whether the BOP was negligent when it made the decision to place White and Decker together in general population in February 2022).] Moreover, any probative value of this testimony would be outweighed by the risks of wasting time, confusion of the issues, and presentation of cumulative evidence, further justifying the exclusion of Miller's testimony under Rule 403.

### D.    Jodi Wampler.

The only testimony that White contends Jodi Wampler will provide concerns his interactions with Decker at USP – Marion from June 2018 to March 2019. [Dkt. 328 at 2.] Again, this testimony is irrelevant to the remaining claim against the United States. And it is further cumulative as both White and Decker will testify at trial and are more than capable of testifying regarding their interactions with each other. Moreover, any probative value of this testimony would be outweighed by the dangers of wasting time, undue delay, and confusion of the issues. *See* Fed. R. Evid. 403.

### E.    Michael Collis.

Like Michael Miller, White represents that Michael Collis will testify regarding the decision to transfer him from FCI Terre Haute in July 2022. [Dkt. 328 at 2.] But such testimony is irrelevant

to whether the BOP's decision to place White and Decker together in general population in February 2022 was negligent—the only remaining claim against the United States—and should also be excluded under a Rule 403 analysis based on wasting time, undue delay, and confusion of the issues. As to the other topics that White has listed for Collis, Collis's testimony on them would be cumulative of other witnesses—namely, Fred Roshto whom the United States intends to call at trial. Accordingly, Mr. Collis testimony should be excluded on these grounds as well.

## II.    Daniel Aaron Stone Should Be Excluded.

White has listed Daniel Aaron Stone as a witness to testify that "he witnessed Decker threaten White to Jamie Wheeler about February 7, 2022 and/or other dates, and related matters." [Dkt. 328 at 2.] Mr. Stone's anticipated testimony has already been the subject of other motions and responses.  [*See* Dkts. 279; 293 at 4-5; 297; 303 at 2; 304 at 3-5; 316; 324 at 2 n.2.] In its filings addressing his testimony, the United States objected to his testimony based on undue prejudice on several grounds. Those included that "Daniel Aaron Stone" was never identified as a witness to testify he witnessed Decker threaten White to Jamie Wheeler; that White's disclosure of "Daniel Stone" was insufficient because he never provided any means by which the United States could identify which "Daniel Stone" he was referencing, or locate Mr. Stone; and that, to the extent that the United States should have known that Daniel Stone and Daniel Aaron Stone were the same person, Daniel Aaron Stone's proffered testimony is materially different than what White alleged in his Preliminary Witness List and, thus, was never disclosed to the United States. [*Compare* Dkt. 185 at 3, ¶ 1 ("Daniel Stone – will testify that it was the regular practice of FCI – Terre Haute staff to steal, destroy or convert to public use property of transferred inmates."); *with* Dkt. 284 at 2, ¶ 4 ("Daniel Aaron Stone – will testify that he witnessed Decker threaten White to Jamie Wheeler about February 7, 2022, and/or on other dates, and related matters.").]

In the Court's latest ruling on this issue, it took the United States' objection to Mr. Stone's

trial testimony under advisement. [*See* Dkt. 304 at 2 n.2.] The United States reasserts its previously stated objections to Daniel Aaron Stone's testimony and now lodges its formal objection to that testimony, in accordance with the Final Pre-Trial Conference Order.

### III.    Todd Royer's Testimony Should be Excluded as Cumulative.

Comparing White's anticipated testimony topics for Todd Royer, a retired BOP employee, and those for Fred Roshto, a current BOP employee, reveals that the topics are essentially the same. [*See* Dkt. 328 at 3.] Testimony from two witnesses on the same topics is inherently cumulative. Under Rule 403, relevant evidence may be excluded if its probative value is outweighed by the risk of presenting cumulative evidence. *See* Fed. R. Evid. 403. The United States objects to the testimony of Todd Royer as cumulative and requests its exclusion under a Rule 403 analysis.[2]

### IV.    Portions of Jamie Wheeler's and Fred Roshto's Testimony Should be Excluded.

In his Amended Final Witness List, White identifies Jamie Wheeler as a witness to testify as to Decker's activities at FCI Terre Haute, purported threats Decker made to White, the decision to transfer White to FCI Terre Haute in January 2022, the decision to transfer Decker to FCI Terre Haute in February and March 2019, the operations of the CMU, and related matters. [Dkt. 328 at 2.] Regarding Fred Roshto, White lists his anticipated testimony topics as "BOP transfer policies and White's transfer to FCI – Terre Haute in January 2022 and from FCI – Terre Haute in July 2022, Decker's transfer to FCI – Terre Haute in February and March 2019 and from FCI – Terre Haute in November 2022." [*Id.* at 3.] As to Decker's activities at FCI Terre Haute, Decker's transfer to FCI

---

[2] The United States recognizes that it previously indicated that it did not have an objection to Todd Royer's testimony because it intended to call him as a witness. [*See* Dkt. 293 at 4.] Since making that affirmation—more than a month before the United States' Final Witness List was due—the United States has engaged in further trial preparation, and in the interests of streamlining the trial, the United States no longer intends to call Mr. Royer at trial. [*See* Dkt. 319.] As such, it now objects to Mr. Royer's testimony, on the basis set forth herein.

Terre Haute in 2019 and out of Terre Haute in November 2022, and White's transfer out of FCI Terre Haute in July 2022—any such testimony from Ms. Wheeler or Mr. Roshto on these topics is irrelevant and should be excluded under Rule 403 based on the waste of time, undue delay, and confusion of the issues should testimony would create. Moreover, testimony from Wheeler about the decision to transfer White to FCI Terre Haute in January 2022 would be cumulative of other testimony, justifying its exclusion under Rule 403 as well.

### CONCLUSION

For the foregoing reasons, Defendant, the United States of America, respectfully requests that the Court exclude Fabjan Alameti, Kathy Hill, Michael Miller, Jodi Wampler, Michael Collis, Daniel Aaron Stone, and Todd Royer as witnesses from the trial of this matter, exclude the portions of Jamie Wheeler's and Fred Roshto's testimony as objected to herein, and grant all other just and proper relief.

Respectfully submitted,

THOMAS E. WHEELER II
United States Attorney

By:    */s/ Traci M. Cosby*
Traci Marie Cosby
Gina M. Shields
Assistant United States Attorneys
Office of the United States Attorney
135 N. Pennsylvania Street, Suite 2100
Indianapolis, IN 46204-3048
Traci.Cosby@usdoj.gov
Gina.Shields@usdoj.gov
Telephone: (317) 226-6333
Fax: (317) 226-6125

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2026, a copy of the foregoing *Defendant United States'*

*Objections to Plaintiff's Witnesses* was filed electronically. Service of this filing will be made on the

following ECF-registered counsel by operation of the Court's electronic filing system:

None.

I further certify that on May 20, 2026, a copy of the foregoing *Defendant United States'*

*Objections to Plaintiff's Witnesses* was mailed, by first class U.S. Mail, postage prepaid and properly

addressed to the following:

> WILLIAM A. WHITE
> 244332
> GRAYSON COUNTY JAIL
> DETENTION CENTER
> Legal Mail/open only in the presence of the inmate
> 320 SHAW STATION ROAD
> LEITCHFIELD, KY 42754
>
> ROBERT K. DECKER
> 51719-074
> CUMBERLAND - FCI
> CUMBERLAND FEDERAL CORRECTIONAL INSTITUTION
> Legal Mail/open only in the presence of the inmate
> P.O. BOX 1000
> CUMBERLAND, MD 21501

> */s/ Traci M. Cosby*
> Traci Marie Cosby
> Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
135 N. Pennsylvania Street, Suite 2100
Indianapolis, IN 46204

9