**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| WILLIAM A WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-02405-TWP-TAB |
| | ) |
| ROBERT KENNETH DECKER, | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANT DECKER'S MOTIONS**
**AND GRANTING IN PART DEFENDANT USA'S MOTION *IN LIMINE***

This matter is before the Court on numerous motions including the Defendant United States of America's ("the United States") Motion *in Limine*, (Dkt. 321), Defendant Robert Decker's ("Decker") Motion to Dismiss, (Dkt. 351), and Plaintiff William White's ("White") Motion for Leave to File a 31-Page Response, (Dkt. 355) and Decker's Motion to Quash Habeas Corpus Ad Testificandum (Dkt. 364). For the reasons discussed below, the United States' motion *in limine* is **granted** in part and **denied** in part, White's motion for leave to file a 31-page response is **granted**, Decker's motion to dismiss and motion to quash are **denied**.

## I.    DISCUSSION

This case is scheduled for a bench trial beginning on Monday, June 29, 2026. The claims to be tried are Plaintiff White's claim for damages against inmate Defendant Robert Decker who committed assault and battery against him; and White's claim that Defendant United States was negligent in placing him in a cellblock with Decker. In anticipation of trial, the parties have moved the Court to rule on various evidentiary matters, which the Court addresses in turn.

1

**A.  The United States of America's Motion *in Limine* and White's Motion for Leave to File 31-page Response**

Whites request for leave to file a 31-page response to the United States motion *in limine* (Dkt. 355) is **granted**, and his Response at Dkt. 356 has been considered by the Court in issuing this ruling.

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). Motions in limine "perform[] a gatekeeping function and permit[] the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Because this is a bench trial, motions *in limine* are not necessary to prevent prejudicial evidence from being shown to the jury. See *City of Joliet v. Mid-City Nat. Bank of Chi.*, No. 05 C 6746, 2012 WL 5463792, at *11 (N.D. Ill. Nov. 5, 2012) (denying a motion in limine because "Rule 403's concerns carry significantly less weigh in a bench trial, where there is a presumption that the court is not improperly influenced by the evidence brought before it"). However, because both Plaintiff White and Defendant Decker are self-represented, the Court finds a pretrial ruling on these evidentiary issues will assist parties in their presentations and for judicial economy.

The movant [the United States] has the burden of demonstrating that the evidence is inadmissible on any relevant ground, for any purpose." *Stewart v. Jackson*, 2021 WL 1660976, at *1 (N.D. Ind. Apr. 28, 2021) (internal quotation omitted). The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purposes. *See Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting

standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded. *Id*. at 1401.

The legal standards concerning the motion in limine are as follows. Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." *United States v. Boros*, 668 F.3d 901, 907 (7th Cir. 2012) (citing Fed. R. Evid. 401). "Rule 402 provides the corollary that, with certain exceptions, "'[r]elevant evidence is admissible' and '[i]rrelevant evidence is not admissible.'" *Boros*, 668 F.3d at 907. Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403; *Boros*, 668 F.3d at 909.

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Rule 404(b)(2) allows evidence of a crime, wrong, or other act when it is used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding

3

the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

In addition, the Evidence Rules make clear that hearsay is generally inadmissible at trial. Fed. R. Evid. 802. Hearsay is a statement that the declarant does not make while testifying at the current trial and that a party offers to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). And a declarant is any person who makes the statement. Fed. Evid. R. 801(b).

Under these legal standards, the Court grants or denies the defendant, United States' motions *in limine* as follows.

The United States of America's motion *in limine*, (Dkt. 321), is **granted in part to the extent** the listed:

1. **Evidence or Argument Regarding Any Unrelated Conduct or Unrelated Allegations Against the United States, Its Agencies and Employees, and Witnesses**. Evidence of prior bad acts by the Bureau of Prisons ("BOP") is barred by Fed. R. Evid. 401. Further, this evidence is inadmissible as irrelevant under Rule 403, and prior bad act evidence by BOP employees must be barred pursuant to Fed. R. Evid. 404(b).

2. **Evidence or Argument that Anyone is a Confidential or Federal Informant**. This information is irrelevant under Rules 402 and 403. Admission of this irrelevant information is also dangerous and poses a risk of physical safety for confidential informants.

3. **Evidence or Argument Contrary to the Factual Findings Underlying White's Disciplinary Sanctions for Incident Report Number 3597543 and for Incident Report Number 3556931**. Pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1994), White's disciplinary convictions for fighting with another person contained in Reports 3597543 and 3556931 and the factual findings underlying those convictions are conclusively established and may not be disputed in this civil action. *Edwards v. Balisok*, 520 U.S. 641 at 648 (1997). Because this evidence is inadmissible for any purpose, the Court excludes it from the trial under Rule 403.

4. **Evidence or Argument Concerning all of White's Dismissed Claims Evidence or Argument that the United States is Motivated by Prejudice/Bias/Hatred Against Plaintiff for Conduct Unrelated to the Events Underlying this**

4

**Complaint**. Testimony or argument regarding dismissed claims have no bearing on the remaining negligent placement claim and is barred under Rules 401 and 403. Such evidence would not have a tendency to make any fact relevant to the resolution of White's surviving claim, "more or less probable than it would be without the evidence," and it is therefore irrelevant under Rule 401. Exclusion is also proper because the evidence would lead to undue delays, and a waste of time. Fed. R. Evid. 403. Evidence related to harassment or a larger conspiracy by the BOP is unfounded and barred as hearsay under Rule 802.

The United States of America's motion *in limine*, (Dkt. 321), is **denied in part to the extent** the listed below:

5.  **Declarations, Affidavits, or Other Written Statements by Persons Not Appearing as Witnesses**. If offered to prove the truth of the matter, this evidence is not permitted as hearsay under Rule 802 and 801(c). However, this might be admissible if offered for impeachment purposes.

6.  **Unfounded Testimony or Argument as to Causation or the Continuing Effect of White's Alleged Injuries**. This evidence is not permitted if offered to it consists of expert testimony under Rule 701. However, White may testify about his injuries based on his own perception as long as his testimony is not based on scientific, technical, or other specialized knowledge.

7.  **White Testifying or Arguing that He is Entitled to Recover Damages from the United States for any Injuries Arising from His Negligent Placement Claim.** The Court rejects the United States argument that White's testimony should be barred pursuant to his previous testimony where White contested being seriously injured, this is more suitable for impeachment purposes than a motion in limine.

## B. Decker's Motion to Dismiss

Decker has filed a motion to dismiss and an objection to the Court's previous rulings. (Dkt. 351). Decker argues that certain documents he requires for this case have been labeled "eyes only", which necessitates appointment of pro bono counsel for him for the trial. *Id.* at 1. He also states that this case must be dismissed in its entirety because White may falsely label him an informant for the United States government at trial. He asks the Court to strike all of White's previous pleadings. *Id.* at 2.

As to Decker's concern regarding claims that he is an informant, the Court addressed this issue in this order in the ruling on the United States of America's motion in limine. That is, this

information will not be discussed at trial because it is irrelevant. As to the appointment of counsel on March 13, 2026, the Court granted Mr. Decker's motion to appoint counsel "to the extent that the Court will attempt to recruit counsel for Mr. Decker. The Court will inform the parties when the recruitment process is complete and whether recruitment has been successful" (Dkt. 285). The effort was unsuccessful, in part because Decker is a difficult client and recruited counsel in this district declined the assignment. The Court explained to Decker that it had been unable to find a suitable volunteer attorney for this matter, and that Decker has filed many motions in this action demonstrating his ability to advocate on his own behalf. (Dkt. 304).  The Court pointed out,

> Given the simple elements of the sole battery claim against Decker and considering Decker's extensive experience in litigating on his own cases both in this district and in federal court broadly, the Court finds that he is competent to represent himself pro se at trial. That is, Decker should be able to examine and cross-examine White and any other witness about the fight between them without the assistance of counsel. *See Decker v. Sireveld*, 109 F.4th 975, 984−85 (7th Cir. 2024) (concluding district court did not abuse its discretion by not recruiting counsel despite Decker having nine pending cases and being housed in a Special Housing Unit).

*Id*. at 2. Simply stated, the Court is not required to appoint Decker counsel, and does his *pro se* status warrant dismissal of this matter.

Decker also states that he objects to the Court's rulings, but it is not entirely clear what he is objecting to or whether he objects broadly to the trial moving forward.  Regardless, his motion to dismiss is frivolous and made to delay the trial in this matter.  Accordingly, the motion to dismiss (Dkt. 351) is **denied.** Further, his omnibus objection to the Court's previous rulings is overruled.

### C. **Motion to Quash**

Finally, Decker has filed a motion to quash habeas corpus ad testificandum, (Dkt. 364), in which he requests that the Court vacate his transfer order to appear in person for the bench trial, and allow him to appear by video because it may delay his eventual release from BOP. At the final pretrial conference, Decker expressed concerns regarding his ability to appear for trial if he was

6

released from custody, and the Court allowed Decker to appear via video if he was released and not within the vicinity of this Court. However, if Decker remains in BOP custody, he shall be transported to the trial pursuant to the Court's previous order and appear for the proceedings in person. As such, his motion is **denied**.

## II.  CONCLUSION

For the reasons explained in this Order, Defendant The United States of America's motion *in limine*, Dkt. [321], is **GRANTED IN PART AND DENIED IN PART**. Defendant Robert Decker's Motion to Dismiss, Dkt. [351] is **DENIED**.  Plaintiff William White's Motion for Leave to File a 31-Page Response, Dkt. [355] is **GRANTED**. Defendant Decker's Motion to Quash Habeas Corpus Ad Testificandum, Dkt. [364] is **DENIED**.

**IT IS SO ORDERED**.

Date: 6/22/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM A. WHITE
323595
DELAWARE COUNTY JAIL
3100 S. TILLOTSON AVE., SUITE 150
MUNCIE, INDIANA 47302

ROBERT K. DECKER
173967
GRAYSON COUNTY DETENTION CENTER
320 SHAW STATION ROAD
LEITCHFIELD, KY 42754
WILLIAM A. WHITE
323595
DELAWARE COUNTY JAIL

All Electronically Registered Counsel